IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LISA HUMPHREYS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FCA US LLC, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>No. 1:26-cv-00008-RJS-JCB<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Jared C. Bennett |

This case involves alleged defects in the battery packs of certain Jeep vehicles.[1] Four motions are pending before the court: (1) the Stipulated Motion to Transfer joined by Plaintiffs and Defendant FCA US LLC;[2] (2) FCA US's Motion to Transfer the case to the United States District Court for the Eastern District of Michigan;[3] (3) FCA US's Motion to Compel Arbitration or Dismiss;[4] and (4) Plaintiffs' Motion to Sever.[5] For the following reasons, the court grants the Stipulated Motion, denies FCA US's Motion to Transfer, dismisses FCA US's Motion to Compel Arbitration or Dismiss, and grants Plaintiffs' Motion to Sever.

---

[1] Dkt. 1, *Complaint*.

[2] Dkt. 32, *Stipulated Motion to Transfer* (*Stipulated Motion*).

[3] Dkt. 19, *Motion to Transfer*.

[4] Dkt. 20, *Motion to Compel Arbitration or Dismiss*.

[5] Dkt. 25, *Motion to Sever*.

1

## I.    PROCEDURAL HISTORY

On January 21, 2026, Plaintiffs Lisa Humphreys and Jaron Humphreys initiated this action.[6]  Plaintiffs allege FCA US violated the Magnuson-Moss Warranty Act and the Utah Consumer Sales Practices Act, breached implied and express warranties, and was unjustly enriched.[7]  Plaintiffs allege Defendant Doug Smith Autoplex, Inc. violated the Utah Consumer Sales Practices Act.[8]  The Complaint was amended on April 7, 2026 to include Plaintiff Martin Carillo.[9]

On March 17, 2026, FCA US filed its Motion to Transfer and Motion to Compel Arbitration or Dismiss.[10]  On March 31, 2025, Plaintiffs filed the Motion to Sever the claims against FCA US from the claims against Doug Smith and their Response to the Motion to Transfer.[11]  Doug Smith did not file an opposition to the Motion to Sever.[12]  FCA US did not take a position on the Motion to Sever.[13]  On April 15, 2026, Plaintiffs and FCA US filed the Stipulated Motion to Transfer.[14]  Doug Smith did not take a position on the Stipulated Motion.[15]

---

[6] *Complaint.*

[7] *Id.* ¶¶ 114–70.

[8] *Id.* ¶¶ 144–52.

[9] Dkt. 28, *Amended Complaint.*

[10] *Motion to Transfer*; *Motion to Compel Arbitration or Dismiss.*

[11] *Motion to Sever*; Dkt. 24, *Plaintiffs' Response to FCA US LCC's Motion to Transfer.*

[12] Under local rules, a party may file a response brief within 14 after service of the motion.  DUCivR 7-1(a)(4)(D)(ii).  The deadline to respond to the Motion to Sever was April 14, 2026, and no motion was filed.  *See Docket.*

[13] Dkt. 30, *Response to Motion to Sever.*

[14] *Stipulated Motion.*

[15] *Id.* ¶ 6.

## II.    STIPULATED MOTION TO TRANSFER

Plaintiffs and FCA US jointly ask the court to transfer Plaintiffs' claims against FCA US to the United States District Court for the Eastern District of Michigan, arguing transfer is appropriate under the first-to-file rule.[16]

When two parallel cases are pending in different federal district courts, the first-to-file rule applies.[17]  Under the rule, the first court to acquire jurisdiction over the same issues and parties should generally resolve the case.[18]  The rule is a general guideline, and to determine its application, "courts consider three factors: (1) the chronology of events, (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake."[19]  Plaintiffs and FCA US assert these factors weigh in favor of the rule applying here.[20]  The court agrees.

A similar matter is pending before the Eastern District of Michigan: *Frisch v. FCA US, LLC*, Case No. 2:24-cv-10546.  That case was initiated in March 2024, while this action was filed in January 2026.[21]  The *Frisch* case and this matter both name FCA US as a defendant, include similar proposed classes and claims, and focus on the alleged defect in the lithium-ion batteries of the same set of vehicles.[22]  The first-to-file rule applies.

---

[16] *Stipulated Motion* at 1; *see also id.* ¶ 3.

[17] *Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1124–25 (10th Cir. 2018).

[18] *See id.*; *see also O'Hare Intl. Bank v. Lambert*, 459 F.2d 328, 331 (10th Cir. 1972).

[19] *Wakaya Perfection*, 910 F.3d at 1224.

[20] *Stipulated Motion* ¶¶ 3–4.

[21] *Id.* ¶ 1; *see also* Dkt. 19-1, *Exhibit 1, Frisch v. FCA US, LLC, 2:24-cv-10534 Docket* at 16 (*Frisch Docket*); *Complaint*.

[22] *Stipulated Motion* ¶ 4.  *Compare Amended Complaint*, *with* Dkt. 19-2, *Exhibit 2, Third Amended Class Action Complaint and Demand for Jury Trial* (*Frisch Complaint*).

When the first-to-file rule applies, the later-filed case should be dismissed without prejudice, stayed, or transferred.[23]  The parties jointly request the court transfer the claims against FCA US under the first-to-file rule and 28 U.S.C. § 1404.[24]  Section 1404(a) provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."[25]  Transfer is proper here.  Because FCA US is headquartered in Michigan, the case could have been originally filed there.[26]  The facts that give rise to the claim occurred in Michigan.[27]  The District of Utah is generally an inconvenient forum for the claims for all the reasons explained in the Motion to Transfer.[28]

Accordingly, the Stipulated Motion is GRANTED.

### III.    FCA US'S MOTION TO TRANSFER

Also pending before the court is FCA US's Motion to Transfer this case to the Eastern District of Michigan.[29]  The court has granted the Stipulated Motion to transfer, which renders FCA US's Motion to Transfer moot since the relief has already been granted.  Accordingly, FCA US's Motion to Transfer is DENIED as moot.

---

[23] *Wallace B. Roderick Revocable Living Trust v. XTO Energy, Inc.*, 679 F. Supp. 2d 1287, 1297 (D. Kan. 2010) (explaining "while the first-to-file rule is generally enforced by the first court, the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy" (citation modified)); *see also Cherokee Nation v. Nash*, 724 F. Supp. 2d 1159 (N.D. Okla. July 2, 2010) ("After determining whether the first to file rule generally applies, courts within the Tenth Circuit have the option of staying the second-filed action pending the outcome of the first-filed action, rather than immediately transferring the case to the first-filed court." (collecting cases)).

[24] *Stipulated Motion* ¶ 7.

[25] 28 U.S.C. § 1404(a); *see also Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

[26] *Complaint* ¶ 2.

[27] *See Motion to Transfer* at 9–10.

[28] *See id.* at 9–11.

[29] *Id.*

## IV.   FCA US'S MOTION TO COMPEL ARBITRATION OR DISMISS

Pending before the court is FCA US's Motion to Compel Arbitration or Dismiss.[30]  In the Stipulated Motion, FCA US and Plaintiffs state, "In the event the Court approves the stipulation to transfer, FCA US's Motion to Compel Arbitration or Dismiss . . . will be dismissed as moot without prejudice to refiling in the Eastern District of Michigan."[31]  The court agrees.

Accordingly, the Motion to Compel Arbitration or Dismiss is dismissed without prejudice as moot.

## V.   PLAINTIFFS' MOTION TO SEVER

Also pending is Plaintiffs' Motion to Sever claims against FCA US from the claims against Doug Smith.[32]  The Motion to Sever incorporates the arguments advanced in Plaintiffs' Response to FCA US's Motion to Transfer.[33]

Plaintiffs argue the claim against Doug Smith should be severed—and not transferred to the Eastern District of Michigan—because the first-to-file rule does not apply and this court has discretion to sever under Federal Rule of Civil Procedure 21.[34]  Doug Smith did not file an opposition, and FCA US takes no position on the Motion to Sever.[35]  The court agrees severance is proper.

The first-to-file rule does not apply to the claims against Doug Smith.  There is no parallel pending case against Doug Smith in another federal district court.  Doug Smith is not a

---

[30] *Motion to Compel Arbitration or Dismiss*.

[31] *Stipulated Motion* at 3.

[32] *Motion to Sever*.

[33] *Plaintiffs' Response to FCA US LLC's Motion to Transfer*.

[34] *Id.* at 3–6.

[35] *Stipulated Motion* at 2 n.1.

defendant in the *Frisch* matter.[36]  Because this is the first suit filed against Doug Smith,[37]  the first-to-file rule does not apply.

Under Federal Rule of Civil Procedure 21, the court has broad discretion to "sever any claim against a party."[38]  When deciding whether severance is appropriate, courts consider the following factors:

> (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law and fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for separate claims.[39]

As Plaintiffs argue,[40] the severance factors weigh in favor of severing the claims.  The claims against FCA US are being transferred to the Eastern District of Michigan.  And while the facts related to that claim occurred in Michigan, the facts related to the claim against Doug Smith occurred in Utah.  Doug Smith is incorporated and headquartered in Utah.[41]  Its employees are also based in Utah.[42]  The false representations giving rise to the claim against Doug Smith occurred in Utah.[43]  Further, Doug Smith did not file an opposition to the Motion to Sever.

Accordingly, the Motion to Sever is GRANTED.

---

[36] *See Frisch Complaint.*

[37] *See Motion to Sever* at 2.

[38] Fed. R. Civ. P. 21; *see also Vivint, Inc. v. Alarm.Com, Inc.*, No. 2:15-cv-00392-CW-CMR, 2023 WL 2955648, at *2 (D. Utah Apr. 14, 2023) (stating the "court has virtually unfettered discretion in determining whether or not severance is appropriate" (quoting *Lifetime Prods., Inc. v. Russell Brands, LLC*, No. 1:12-cv-00026-DN-EJF, 2016 WL 5482226, at *3 (D. Utah Sept. 29, 2016))).

[39] *SEC v. Clayton*, No. 2:24-cv-0098-RJS, 2026 U.S. Dist. LEXIS 62177, * 7 (D. Utah March 23, 2026) (quotation omitted).

[40] *Response* at 5–6.

[41] *Complaint* ¶ 4.

[42] *See id.* ¶¶ 4, 95–96; *see also Response* at 4.

[43] *See Complaint* ¶¶ 4, 95–98; *see also Response* at 4.

**CONCLUSION**

For the reasons stated above, the Stipulated Motion is GRANTED,[44] FCA US's Motion to Transfer is DENIED as moot,[45] FCA US's Motion to Compel Arbitration or Dismiss is DISMISSED without prejudice as moot,[46] and Plaintiffs' Motion to Sever is GRANTED.[47]  The court ORDERS as follows:

1.  The claims against FCA US LLC and claim against Doug Smith Autoplex, Inc. are SEVERED.

2.  The Clerk of Court is directed to transfer the claims against FCA US, LLC to the United States District Court for the Eastern District of Michigan.  Good cause exists for coordination there with *Frisch v. FCA US LLC*, Case No. 2:24-cv-10546 (E.D. Mich.), which is pending before the Honorable Brandy R. McMillion.

3.  The Clerk of Court is also directed to send the following docket numbers to the Eastern District of Michigan: Dkts. 1, 8, 10, 13, 14, 15, 16, 17, 18, 19, 20, 24, 25, 28, 30, 31, 32.

4.  The claims against Doug Smith Autoplex, Inc. will remain with the undersigned.  Within 14 days, Plaintiffs are DIRECTED to file an Amended Complaint that includes only allegations and claims relevant to Doug Smith.

---

[44] Dkt. 32.

[45] Dkt. 19.

[46] Dkt. 20.

[47] Dkt. 25.

SO ORDERED this 21st day of April, 2026.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge